IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY JACQUEZ,

    Plaintiff,

    v.

ANGIE OJEADY,

    Defendant

Case No. 22-3118-SAC

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a detainee at the Ford County Jail. For the reasons that follow, the court will dismiss this matter for failure to state a claim for relief.

### Background

Plaintiff commenced this action on June 15, 2022. On the same day, the clerk of the court entered a notice of deficiency (NOD) advising plaintiff that he must supply financial information from his institutional account in support of his motion for leave to proceed in forma pauperis. On June 16, 2022, the court entered an order directing him to file an amended complaint that named a proper defendant and that provided a specific factual description of the events that allegedly violated his rights. The order explained that the amended complaint would supersede the original complaint and that claims not presented in the amended complaint would not be preserved.

Plaintiff filed an amended complaint as directed on July 20, 2022. On July 22, 2022, the court entered an order directing him to submit a second amended complaint to provide specific information concerning the events alleged and reminding him that he must submit financial information to support the motion to proceed in forma pauperis.

Plaintiff submitted a second amended complaint on August 8, 2022. The complaint contains a single count reading "failure to protect", and the supporting factual statement reads:

> Angie Ojeady pod officer Quinones Jones Cpl Triana helped Ojeady Tyree Jackson Sergio Saavedra Jesus Rivas Johnathan was the nurse.

(Doc. 7, p. 3.).

The second amended complaint asserts that the remaining defendant, Officer Ojeady, knew there would be a fight because of threats made in the jail.

Plaintiff explains that on April 5, 2022, two inmates got into an argument over a third, and that Officer Ojeady heard the threats. Plaintiff was not involved in the argument, but his cellmate was.

On the following day, when the jail doors opened, one of the inmates in the argument came to the cell occupied by plaintiff and the other inmate and "started getting rowdy." Plaintiff states that he stood up, said "what" and was punched.

Plaintiff also states that he filed a grievance that said one of the other inmates was causing problems. The response asked him to identify the problem. Plaintiff does not explain when he filed the grievance or when or if he responded to the request for additional information.

The complaint does not provide additional information, nor has plaintiff provided the financial statement requested by the court or explained any difficulty in obtaining it.

## Discussion

As explained in the initial screening order, the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks

and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

Prison officials have a duty to protect inmates from other inmates, but not every injury resulting from violence between inmates gives rise to constitutional liability. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). A prisoner plaintiff must show both that the harm caused was "sufficiently serious" under an objective standard and that the defendant prison officials had "subjective knowledge of the risk of harm" but did nothing to prevent such harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008).

The court has carefully considered the second amended complaint and concludes that plaintiff has failed to state a claim for relief under the governing standard. Despite the court's direction to explain the threat plaintiff states the defendant heard, he has not provided any additional information on what the defendant knew, nor was plaintiff involved in the argument he describes. Likewise, plaintiff has not provided any information that suggests he gave the defendant or any other jail official any specific details concerning a threat after he received the response to his grievance asking for an explanation. The court concludes plaintiff has not stated a plausible claim of deliberate indifference.

THE COURT THEREFORE ORDERS that this matter is dismissed for failure to state a claim for relief.

THE COURT FURTHER ORDERS that plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied.

IT IS SO ORDERED.

Dated: September 23, 2022                 /s/  Sam A. Crow
                                          SAM A. CROW
                                          UNITED STATES DISTRICT JUDGE